```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

PEGUY ETIENNE,                     :      07 Civ. 3411 (LMM)
                                          (99 Cr. 1073 (LMM))
                  Petitioner,      :      & 05 Cr. 353 (LMM))

        - v -                      :      MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,          :

                  Respondent.      :

-----------------------------------x
```

McKENNA, D.J.

1.

On April 11, 2005, movant (hereinafter "Petitioner") pleaded guilty, pursuant to a written plea agreement, to: (a) Counts One, Two and Three of a third superseding information charging him with the violation of (i) 21 U.S.C. § 846, (2) 18 U.S.C. § 2113(a) & (d), and (3) 18 U.S.C. § 2113(a) & (d), and (ii) Count One of an indictment (filed in the United States District Court for the Eastern District of New York, and transferred to this district pursuant to Fed. R. Crim. P. 20) charging him with the violation of 18 U.S.C. § 1951.

The written plea agreement stipulated an offense level of 35 and a criminal history category of II, resulting in a Guidelines sentence range of 188-235 months of imprisonment. (Gov't Letter Mem., July 20, 2007, Ex. A, at 3-7.) The Court accepted that

sentence range.  (Transcript, March 30, 2006, at 10.)  The Court sentenced petitioner to 150 months of imprisonment.  (Id. at 17-22.)  Petitioner appealed to the Second Circuit Court of Appeals.  His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and, on October 16, 2006 (mandate November 6, 2006), the Court of Appeals granted the government's motion for summary affirmance.[1]

Petitioner challenges his sentence under 28 U.S.C. § 2255.

**2.**

In the written plea agreement, petitioner and the government "agreed . . . that [petitioner] will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range of 188 to 235 months. . . ."  (Gov't Letter Mem., July 20, 2007, Ex. A, at 9.)  Petitioner as well as his counsel signed the plea agreement.  (Id. at 11.)

It is clear that the plea agreement was entered into by petitioner knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack.  During the plea allocution, the Court called petitioner's attention to the waiver of the right to challenge a sentence within or below the 188-235

---

[1] Petitioner did not file a pro se brief in support of his appeal.

2

month range under 28 U.S.C. § 2255 (or § 2241), and he stated under oath that he had read the plea agreement and discussed it with his counsel and that he had not been forced to plead guilty (Transcript, April 11, 2005, at 4, 5-6).  In his papers in support of his present petition he does not claim that his entry into the plea agreement was anything but knowing and voluntary.  In these circumstances, his waiver is binding and will be enforced.  See Garcia-Santos v. United States, 273 F.3d 506, 507-509 (2d Cir. 2001) (per curiam).

**3.**

In any event, petitioner's arguments are not persuasive on the merits.

The first argument is that the Guidelines calculation should have, but did not, include a 3-level reduction for the reason that the robbery alleged in Count Three of the 99 Cr. 1073 information was not completed because the participants in the robbery did not obtain any cash.  See U.S.S.G. § 2X1.1(b) (2004).[2]  The PSR, however, reports that the robbery charged in Count Three of the 99 Cr. 1073 information involved a loss, albeit of less than $10,000.  (PSR, ¶ 32.)

---

[2] The Court, here, cites the November 1, 2004 Guidelines Manual, as did Probation in calculating the Guidelines range.  See Presentence Investigation Report ("PSR"), revised July 27, 2005, ¶ 40.

Petitioner's second argument is that Count One of the Eastern District indictment is duplicitous in alleging in one count a Hobbs Act conspiracy to rob employees of multiple establishments. The argument fails, however, not only because "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects[,]'" Braverman v. United States, 317 U.S. 49, 54 (1942) (quoting Frohwerk v. United States, 249 U.S. 204, 210 (1919) (other citation omitted)), but because petitioner has not shown that the claimed duplicity prejudiced him so as to be "impermissible duplicity." United States v. Sturdivant, 244 F.3d 71, 75-76 & n.3 (2d Cir. 2001).[3]  (It may be added that, if the count in question were duplicitous, and if petitioner's counsel had objected, the result would not have been dismissal, as petitioner assumes, but an amendment of the charges to eliminate duplicity.)

Petitioner's third argument is that Counts Two and Three of the 99 Cr. 1073 information, alleging the violation of 18 U.S.C. § 2113(d) -- which enhances the penalty for the violation of 18 U.S.C. § 2113(a) or (b) where the defendant "assaults any person,

---

[3] Petitioner cites, in support of his duplicity argument, United States v. Murray, 618 F.2d 892 (2d Cir. 1980).  The discussion in that case, 618 F.2d at 896-99, focusing on the issue of duplicity when two statutes are cited in one count is not pertinent to the present case in which Count One of the Eastern District indictment cites only one statute, 18 U.S.C. § 1951.

or puts in jeopardy the life of any person by the use of a dangerous weapon or device," 18 U.S.C. § 2113(d) -- do not properly allege an offense because the information, in Counts Two and Three, does not use the statutory phrase "dangerous weapon or device" but rather the word "firearm."  The argument is not persuasive.  18 U.S.C. § 2113 does not define "dangerous weapon or device," but common sense suggests that a "firearm" is indeed a "dangerous weapon or device," and courts have used the words "firearm" (or "gun") as the equivalent of a "dangerous weapon" in the context of 18 U.S.C. § 2113.  See United States v. Lugo Guerrero, 524 F.3d 5, 8 (1st Cir. 2008) ("firearm"), and McLaughlin v. United States, 476 U.S. 16, 17-18 (1986) ("gun").

Petitioner also challenges the Guidelines calculation of 188-235 months of imprisonment, on two grounds.  First, he disputes the six-level enhancement as to Count Two of the information under U.S.S.G. § 2B3.1(b)(2)(B) (use of firearm during commission of offense) on the ground that he did not allocate to the use of a "firearm"; in pleading guilty, however, petitioner admitted under oath the use of a "firearm" during the offense charged in Count Two.  (Transcript, April 11, 2005, at 15-16.)

Second, he objects to the two-level enhancement as to Counts Two and Three under U.S.S.G. § 2B3.1(b)(3)(A)  (victim sustained bodily injury during commission of offense).  The Court

5

cannot find in the record any finding supporting the last mentioned enhancement. The motion is, in this respect, nevertheless denied, but only for the reasons set forth in Section 2 of this Memorandum and Order, above.

Petitioner argues that he received ineffective assistance of counsel with respect to the first two of the matters discussed above, i.e., the claim that no cash was obtained in the robbery charged in Count Three of the 99 Civ. 1073 information and the claimed duplicity of the Eastern District indictment. He has not, however, shown that counsel was in any way ineffective in such matters.

*   *   *

The motion is denied and the petition is dismissed.

SO ORDERED.

Dated: March 17, 2011

Lawrence M. McKenna
U.S.D.J.